IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STATE OF WISCONSIN,

          Plaintiff,

v.

HAJJI YAMINI McREYNOLDS-EL,

          Defendant.

OPINION AND ORDER

14-cv-238-wmc

---

The State of Wisconsin originally filed this action on February 3, 2014, in the Circuit Court for Eau Claire County, Wisconsin, alleging that defendant violated Wis. Stat. § 343.44(1)(a) by operating a vehicle while suspended. *See State v. McReynolds*, Eau Claire County Case No. 2014TR727. Alleging that the State lacks jurisdiction to prosecute him and that the proceedings constitute "official oppression," defendant removed the case to this court. A review of the pleadings and defendant's notice of removal, however, establishes that the removal was improperly filed. Accordingly, this case will be summarily remanded to state court.

OPINION

As a general matter, the removal of actions from state court is authorized by 28 U.S.C. § 1441(a). A case may be subject to remand for lack of subject matter jurisdiction or on the basis of any defect or failure to comply with the removal statutes. 28 U.S.C. §§ 1446, 1447(c); *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982). The removal is defective in this instance because defendant has failed to comply

with 28 U.S.C. § 1446(b), which requires that the notice of removal of a state court civil action or proceeding must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). The exhibits reflect that defendant was served with a citation for operating after suspension on January 28, 2014. That date triggered the 30-day removal period found in § 1446(b), *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999), making his March 28, 2014 removal untimely.

More importantly, even if the removal was timely filed, defendant does not establish that this court has subject matter jurisdiction over the underlying dispute. Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, the jurisdiction of federal courts is limited only to "cases or controversies" that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). In other words, "[a] federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute." *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (explaining that "subject-matter jurisdiction is a synonym for adjudicatory competence").

Generally, a federal court such as this one has the authority to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of one state alleges a

violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. Assuming that all of defendant's allegations are true, this case falls into neither category.

The notice of removal establishes that defendant resides in Wisconsin, meaning that there is no diversity of citizenship. In addition, the underlying dispute concerns a violation of state law, Wis. Stat. § 343.44(1)(a). It follows that the case presents no legitimate federal question. Even if defendant were asserting a federal constitutional or statutory right as a defense or counter-claim in that lawsuit, it is not enough to create federal jurisdiction over the State of Wisconsin's original lawsuit. Absent a valid basis for jurisdiction, the action must be remanded to state court.

ORDER

IT IS ORDERED that this case is REMANDED to the Circuit Court for Eau Claire County, Wisconsin. The clerk of court is directed to return the record to the state court.

Entered this 4th day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3